Peter Paul BIRO, Plaintiff–Appellant,

v.

CONDÉ NAST, a division of Advance Magazine Publishers Inc., David Grann, Advance Magazine Publishers Inc., Louise Blouin Media Inc., Global Fine Art Registry LLC, Theresa Franks, Paddy Johnson, Yale University Press, Defendants–Appellees,

Patrick Bahners, Georgia Museum of Art, International Council of Museums, Dan Rattiner, Manhattan Media LLC, Dan's Papers, LLC, Gawker Media LLC, Business Insider, Inc., Defendants.

No. 14–3815–cv.

United States Court of Appeals, Second Circuit.

Dec. 8, 2015.

Richard A. Altman, Law Office of Richard A. Altman, New York, NY, for Plaintiff–Appellant Peter Paul Biro.

David A. Schulz, Levine Sullivan Koch & Schulz, LLP, New York, NY; Chad R. Bowman, Levine Sullivan Koch & Schulz, LLP, Washington, DC, for Defendants–Appellees Condé Nast, a division of Advance Magazine Publishers Inc., Advance Magazine Publishers Inc., and David Grann.

Diane Boenig Cavanaugh, Desmond C.B. Lyons, Lyons McGovern, LLP, White Plains, NY, for Defendant–Appellee Louise Blouin Media Inc.

Anthony N. Gaeta (William A. Friedman, on the brief), Levine DeSantis, LLC, Springfield, NJ, for Defendants–Appellees Global Fine Arts Registry LLC and Theresa Franks.

Darren W. Johnson (Lynn B. Bayard, Danielle B. Polebaum, on the brief), Paul, Weiss, Rifkind, Wharton & Garrison LLP, New York, NY, for Defendant–Appellee Paddy Johnson.

Floyd Abrams (Brian Markley, on the brief), Cahill Gordon & Reindel LLP, New York, NY, for Defendant–Appellee Yale University Press.

· PRESENT: DENNIS JACOBS, RAYMOND J. LOHIER, JR., Circuit Judges, GEOFFREY W. CRAWFORD,[*] District Judge.

## SUMMARY ORDER

Peter Paul Biro appeals from a judgment of the United States District Court for the Southern District of New York (Oetken, *J.*) dismissing his complaint pursuant to Rules 12(b)(6) and 12(c) of the Federal Rules of Civil Procedure. In the complaint, Biro principally asserted claims for defamation arising out of a 2010 article in *The New Yorker* (the "Article"). The Article was written by defendant-appellee David Grann, published by defendant-appellee Condé Nast, a division of Advance Magazine Publishers Inc., and allegedly republished by the remaining defendants—including Global Fine Art Registry ("FAR") and Theresa Franks, who also published allegedly defamatory statements about Biro and his ongoing defamation litigation. The District Court held, among other things, that Biro was a limited-purpose public figure and that Biro failed to allege sufficient facts to assert plausible claims that the defendants acted with actual malice. In this summary order, we decide the issues relating to Biro's status as a limited-purpose public figure and to the sufficiency of Biro's claims against

---

[*] The Honorable Geoffrey W. Crawford, of the United States District Court for the District of Vermont, sitting by designation.

FAR and Franks.[1] With respect to the issues that are the subject of this summary order, we assume the parties' familiarity with the facts and record of the prior proceedings, to which we refer only as necessary to explain our decision to affirm.

We review *de novo* the District Court's determination that Biro was a limited-purpose public figure. *See Celle v. Filipino Reporter Enters. Inc.*, 209 F.3d 163, 176 (2d Cir.2000). Based on Biro's "own complaint and affidavits," *Yiamouyiannis v. Consumers Union*, 619 F.2d 932, 938 (2d Cir.1980), we evaluate whether Biro has "(1) successfully invited public attention to his views in an effort to influence others prior to the incident that is the subject of litigation; (2) voluntarily injected himself into a public controversy related to the subject of the litigation; (3) assumed a position of prominence in the public controversy; and (4) maintained regular and continuing access to the media," *Lerman v. Flynt Distrib. Co.*, 745 F.2d 123, 136–37 (2d Cir.1984).

We affirm the District Court's holding that Biro is a limited-purpose public figure. Biro invited public scrutiny of his forensic methods to authenticate art by (1) participating in several documentaries, including a feature-length film; (2) agreeing to frequent interviews about the validity and usefulness of using fingerprint analysis to authenticate art; (3) seeking and obtaining fame and clients for himself in the process; and (4) resorting to the press to defend his positions on various controversies relating to his work. Indeed, Biro's work was public and controversial even before the Article's publication. A prior article in 2008 described Biro's au-

thentications of two Jackson Pollock paintings as "controversial," and in his complaint Biro describes himself as "a leading authority in [the] emerging field" of using fingerprint analysis to authenticate art.

Biro argues that even if he is a limited-purpose public figure, the alleged defamatory statements are unrelated to the relevant public controversy—that is, to Biro's participation in the controversy regarding the validity of using fingerprint analysis to authenticate art. In the District Court, Biro did no more than mention this argument in passing; therefore, we deem it forfeited and decline to consider it. *See In re Nortel Networks Corp. Sec. Litig.*, 539 F.3d 129, 132–33 (2d Cir.2008).

Biro separately challenges the District Court's dismissal of his claim against Franks for lack of personal jurisdiction based on the exception for defamation actions set forth in New York's long-arm statute. *See* N.Y. C.P.L.R. § 302(a)(3). Biro argues that the court could have exercised personal jurisdiction under N.Y. C.P.L.R. § 302(a)(1). Because Biro did not raise this argument before the District Court and raised it only in his Reply Brief on appeal, however, we decline to consider it. *See Norton v. Sam's Club*, 145 F.3d 114, 117–18 (2d Cir.1998).

Finally, we agree with the District Court that Biro failed to plausibly allege actual malice in the claim against FAR and Franks, who are alleged to have made separate defamatory statements about Biro and his ongoing defamation litigation on the FAR website. In particular, Biro failed to allege sufficient facts suggesting that FAR or Franks "entertained serious doubts as to the truth" of their statements.

---

1. In a separate opinion filed simultaneously with this summary order, we address whether Rule 8 of the Federal Rules of Civil Procedure requires a limited-purpose public figure to allege sufficient facts to assert a plausible claim of actual malice in a defamation action or whether it permits the plaintiff to aver generally that a defendant acted with actual malice.

*St. Amant v. Thompson*, 390 U.S. 727, 731, 88 S.Ct. 1323, 20 L.Ed.2d 262 (1968). We conclude that the District Court did not abuse its discretion in denying discovery on the issue of actual malice after Biro failed to plausibly plead it. *See Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).

We have considered all of Biro's remaining arguments that are not the subject of the accompanying opinion and conclude that they are without merit. For the foregoing reasons, the judgment of the District Court is **AFFIRMED**.