17-4032
*United States v. Sergentakis*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of December, two thousand nineteen.

PRESENT:
> DENNIS JACOBS,
> SUSAN L. CARNEY,
> MICHAEL H. PARK,
> > *Circuit Judges.*

―――――――――――――――――――――――――――――――――――――

UNITED STATES OF AMERICA,

> *Appellee,*

> v.                                                                                      No. 17-4032

KRIS SERGENTAKIS,

> *Defendant-Appellant.*

―――――――――――――――――――――――――――――――――――

FOR DEFENDANT-APPELLANT:            Lawrence Gerzog, Esq.,
                                                                  New York, NY.*

―――――――――――――――――――

 * We grant Gerzog's motion to withdraw as counsel. *See* Mot. for Counsel to Be Relieved, *United States v. Sergentakis*, No. 17-4032 (2d Cir. Nov. 18, 2019), Dkt. 119.

FOR APPELLEE:                                    George Turner, Sarah K. Eddy, United
                                                 Assistant United States Attorneys, *for*
                                                 Geoffrey S. Berman, United States
                                                 Attorney for the Southern District of New
                                                 York, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Román, *J.*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment entered on December 12, 2017, is **AFFIRMED**.

Kris Sergentakis appeals from a judgment of conviction for retaliating against a witness, in violation of 18 U.S.C. § 1513(e), entered after a guilty plea. Sergentakis contends that his retaliatory conduct was constitutionally protected speech, and thus that the United States District Court for the Southern District of New York (Román, *J.*) erred when it denied his motion to dismiss the indictment on First Amendment grounds. He preserved this ground for appeal. We assume the parties' familiarity with the underlying facts, procedural history, and arguments on appeal, to which we refer only as necessary to explain our decision to affirm.

This Court reviews constitutional questions *de novo. See United States v. Awadallah*, 349 F.3d 42, 51 (2d Cir. 2003).[1] We are "free to affirm an appealed decision on any ground that finds support in the record." *Ronan Assocs. v. Local 94-94A-94B, Int'l Union of Operating Eng'rs*, 24 F.3d 447, 449 (2d Cir. 1994).

The First Amendment of the U.S. Constitution provides that "Congress shall make no law . . . abridging the freedom of speech." U.S. Const. amend. I. But "it is well understood that the right of free speech is not absolute," and "[t]here are certain well-defined and narrowly limited classes of speech, the prevention and punishment of which have never been thought to raise any Constitutional problem." *Chaplinsky v. New Hampshire*,

---

[1] Unless otherwise noted, this order omits all internal quotation marks and citations in text quoted from case law.

315 U.S. 568, 571-72 (1942). Subject to certain conditions, defamation is one such recognized category of unprotected speech. *See, e.g.*, *Beauharnais v. Illinois*, 343 U.S. 250, 254-55 (1952). The District Court determined that the speech in question was defamatory, and therefore unprotected, because it consisted of false statements of fact about a private individual. We agree.

As an initial matter, the statements Sergentakis made are untrue, *see* App'x at 33 (explaining that "[t]he U.S. Postal Inspection Service spoke with [the victim], and reviewed law enforcement records and databases, and confirmed" the falsity of Sergentakis's assertions), and Sergentakis does not argue otherwise on appeal. Further, the statements are actionable in the defamation context because they are either "precise, literal," and "objectively capable of being proved true or false," or because they "impl[y] the allegation of undisclosed defamatory facts." *Kelly v. Schmidberger*, 806 F.2d 44, 48 (2d Cir. 1986) ("The distinction between fact and opinion is . . . critical in determining whether a defamatory statement may be actionable."); *see also* Restatement (Second) of Torts § 566 ("A defamatory communication may consist of a statement in the form of an opinion, but a statement of this nature is actionable only if it implies the allegation of undisclosed defamatory facts as the basis for the opinion.").

Sergentakis insists that he had no responsibility "to guarantee the truth" of what he asserted. *New York Times Co. v. Sullivan*, 376 U.S. 254, 279 & n.19 ("Even a false statement may be deemed to make a valuable contribution to a public debate . . . ."). That might be correct if the victim were a public figure, but he is not. Individuals can merit public-figure status either "for all purposes and in all contexts," or "for a limited range of issues." *Gertz v. Robert Welch, Inc.*, 418 U.S. 323, 351 (1974). Given the absence of "clear evidence of general fame or notoriety in the community, and pervasive involvement in the affairs of society," we cannot conclude that the victim in this case is an all-purpose public figure. *Id.* at 352.

Nor can we conclude that the victim is a limited public figure in the context of the instant litigation. We employ a four-part test for determining whether an individual is a limited-purpose public figure:

3

A defendant must show that the plaintiff has: (1) successfully invited public attention to his views in an effort to influence others prior to the incident that is the subject of litigation; (2) voluntarily injected himself into a public controversy related to the subject of the litigation; (3) assumed a position of prominence in the public controversy; and (4) maintained regular and continuing access to the media.

*Lerman v. Flynt Distrib. Co.*, 745 F.2d 123, 136-37 (2d Cir. 1984); *see also Biro v. Conde Nast*, 622 F. App'x 67, 69 (2d Cir. 2015) (explaining that we apply *Lerman* test to determine whether an individual is a limited-purpose public figure). The victim here did none of those four things. *Cf. Gertz*, 418 U.S. at 345 ("Hypothetically, it may be possible for someone to become a public figure through no purposeful action of his own, but the instances of truly involuntary public figures must be exceedingly rare. . . . More commonly, those classed as public figures have thrust themselves to the forefront of particular public controversies in order to influence the resolution of the issues involved."). At most, the victim could be considered a public figure for the limited purpose of commentary about the charitable organization he once ran. That observation does not aid Sergentakis, however, because the statements that form the basis of his conviction do not relate to the victim in his capacity as the leader of a charitable organization; they relate to the victim in his capacity as a private person. *See generally* App'x 18-20 (Indictment); Compl., *United States v. Sergentakis*, No. 15-cr-0033 (NSR) (S.D.N.Y. Jan. 7, 2015), ECF No. 2. Accordingly, the statements are not protected speech.

* * *

For the reasons set forth above, the District Court's judgment is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

4