# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

|  |  |  |
|---|---|---|
| US DOMINION, INC., DOMINION VOTING SYSTEMS, Inc., and DOMINION VOTING SYSTEMS CORPORATION | )<br>)<br>)<br>)<br>) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | C.A. No. N21C-11-082 EMD CCLD |
| | ) | |
| FOX CORPORATION and FOX BROADCASTING COMPANY, LLC | )<br>)<br>)<br>) | |
| Defendants, | ) | |

Submitted: March 15, 2022
Decided: June 21, 2022

*Upon Defendants' Motion to Dismiss*
**GRANTED IN PART, DENIED IN PART**

Brian E. Farnan, Esquire, Michael J. Farnan, Esquire, Farnan LLP, Wilmington, Delaware; Rodney Smolla, Esquire, Wilmington, Delaware; Thomas A. Clare, Esquire, Megan L. Meier, Esquire, Dustin A. Pusch, Esquire, Daniel P. Watkins, Esquire, Clare Locke LLP, Alexandria, Virginia; Justin A. Nelson, Esquire, Brittany Fowler, Esquire, Susman Godfrey LLP, Houston, Texas; Stephen Shackelford, Jr., Esquire, Elisha Barron, Esquire, Susman Godfrey LLP, New York, New York; Davida Brook, Esquire, Susman Godfrey LLP, Los Angeles, California; Stephen E. Morrissey, Esquire, Susman Godfrey LLP, Seattle, Washington; *Counsel for Plaintiffs US Dominion, Inc., Dominion Voting Systems, Inc., and Dominion Voting Systems Corporation.*

John L. Reed, Esquire, Ronald N. Brown, III, Esquire, DLA Piper LLP (US), Wilmington, DE; Eric M. George, Esquire, Katherine A. Petti, Esquire, Ellis George Cipollone O'Brien Annaguey LLP, Los Angeles, California; *Counsel for Defendants Fox Corporation and Fox Broadcasting Company, LLC.*

**DAVIS, J.**

## I. INTRODUCTION

This case is one of several that Plaintiffs U.S. Dominion, Inc., Dominion Voting Systems, Inc., and Dominion Voting Systems Corporation (collectively, "Dominion") filed in this Court relating to media coverage of Dominion's role in the 2020 presidential election. In *US Dominion, Inc. v. Fox News Network, LLC* ("*Dominion I*"), Dominion alleges Fox News Network ("Fox News") published defamatory statements accusing Dominion of election fraud.[1] In the current case, Dominion filed a complaint (the "Complaint") that seeks to extend liability for the same statements to Fox News's parent company, Fox Corporation, and another of Fox Corporation's wholly owned subsidiaries, Fox Broadcasting Company, LLC ("Fox Broadcasting," and, together with Fox Corporation, "Defendants"). Defendants moved to dismiss the Complaint (the "Motion") on December 30, 2021.

For the reasons explained below, the Court holds that the Complaint (as defined below) adequately states a claim for defamation *per se* against Fox Corporation. The Court also holds that the Complaint fails to state a claim against Fox Broadcasting. Accordingly, the Motion is **GRANTED IN PART** and **DENIED IN PART**.

## II. FACTUAL BACKGROUND

Unless otherwise indicated, the following facts are stated as alleged in the Complaint. For purposes of the Motion, the Court must view all well-pled facts alleged in the Complaint as true and in a light most favorable to Dominion.[2] As such, the Court will not necessarily use terms like "alleged facts" or "purported facts" throughout. Additionally, this section tracks the facts in the order alleged in the Complaint.

---

[1] *See US Dominion, Inc. v. Fox News Network, LLC*, 2021 WL 5984265 (Del. Super. Dec. 16, 2021), *cert. denied*, 2022 WL 100820 (Del. Super. Ct. Jan. 10, 2022), and *appeal refused*, 270 A.3d 273 (Del. 2022).
[2] *See, e.g., Cent. Mortg. Co. v. Morgan Stanley Mortg. Cap. Holdings LLC*, 27 A.3d 531, 536 (Del. 2011); *Doe v. Cedars Acad., LLC*, 2010 WL 5825343, at *3 (Del. Super. Oct. 27, 2010).

## A. PARTIES

US Dominion, Inc. is a Delaware corporation with its principal place of business in Denver, Colorado.[3] Dominion Voting Systems, Inc. is a Delaware corporation with its principal place of business in Colorado.[4] Dominion Voting Systems Corporation is a Canadian corporation with its principal place of business in Toronto, Ontario.[5] Dominion Voting Systems, Inc. and Dominion Voting Systems Corporation are wholly owned subsidiaries of US Dominion, Inc.[6]

Fox Corporation and Fox Broadcasting are Delaware entities headquartered in New York.[7] Fox Corporation wholly owns both Fox Broadcasting and Fox News.[8] As stated above, Fox News is the defendant in *Dominion I*.

## B. UNDERLYING ALLEGATIONS AGAINST FOX NEWS

Dominion's defamation claims against Fox Corporation and Fox Broadcasting concern the same statements as set out in the defamation claim against Fox News in *Dominion I*. Therefore, the Court will just summarize Dominion's factual allegations relating to Fox News before detailing the allegations relating to Fox Corporation and Fox Broadcasting.

Before the 2020 presidential election, it was widely predicted—including by Fox News itself—that early vote tallies would favor former President Trump, whereas later tallies would favor President Biden.[9] That prediction proved accurate when precincts began counting votes on November 3, 2020.[10] Prior to midnight, Fox News projected that former President Trump had

---

[3] Compl. at ¶ 10.
[4] *Id.* at ¶ 11.
[5] *Id.* at ¶ 12.
[6] *Id.* at ¶¶ 11–12.
[7] *Id.* at ¶13.
[8] *Id.*
[9] *Id.* at ¶¶ 31–33.
[10] *Id.* at ¶ 35.

lost the state of Arizona.[11]  Former President Trump and his political allies, angered by Fox News' projection, made a number of public statements denouncing Fox News for its perceived betrayal.[12]  Fox News's projection proved correct.[13]  Former President Trump and his supporters nevertheless adopted a narrative that the election had been tainted by widespread voter fraud.[14]

In the days after the election, former President Trump continued to criticize Fox News and praise its competitors, including OANN and Newsmax.[15]  Former President Trump's statements had an impact.  By November 15, Fox News's daytime and primetime audience had declined by 34% and 37%, respectively.[16]  The stock value of Fox Corporation was negatively impacted as well.[17]  Simultaneously, viewership of Newsmax skyrocketed.[18]  According to Dominion, the Fox entities decided to embrace and amplify former President Trump's election fraud narrative to win back viewers.[19]

Fox News began connecting Dominion with the election fraud narrative by November 8, 2021.[20]  In the weeks and months that followed, Fox News made Dominion "the focus of the conversation."[21]  As detailed in the complaint and in *Dominion I*, Dominion alleges that: (1) Fox News intentionally provided a platform for guests that Fox News' hosts knew would make false and defamatory statements of fact on the air; (2) Fox News, through its hosts, affirmed, endorsed, repeated, and agreed with those guests' statements; and (3) Fox News republished

[11] *Id.* at ¶ 36.
[12] *Id.* at ¶¶ 37–39.
[13] *Id.* at ¶ 41.
[14] *Id.* at ¶¶ 42–45.
[15] *Id.* at ¶¶ 51–54.
[16] *Id.* at ¶ 57.
[17] *Id.* at ¶ 56.
[18] *Id.* at ¶ 58.
[19] *Id.* at ¶¶ 59–60.
[20] *Id.* at ¶¶ 47–49.
[21] *Id.* at ¶ 45.

those defamatory and false statements of fact on the air, Fox News' websites, Fox News' social media accounts, and Fox News' other digital platforms and subscription services.[22]

### C. ALLEGATIONS CONCERNING FOX CORPORATION AND FOX BROADCASTING

Dominion's theory in the current case is that "Fox Corporation, acting through Rupert and Lachlan Murdoch and others, and acting through Fox News and Fox Broadcasting as its agents, and Fox Broadcasting acting with respect to any channels of publication it operated (including fox.com), participated in the publication" of the allegedly defamatory statements.[23] The Court will detail below the Complaint's factual allegations that attempt to connect Fox Corporation and Fox Broadcasting to the statements.

#### 1. Fox Corporation

Dominion alleges that Fox Corporation was directly involved in the "defamatory scheme" against it.[24] Fox News is the "profit center of Rupert Murdoch's American media empire."[25] Fox Corporation's most recent financial statement shows that Fox's cable programming was responsible for "*all*" of Fox Corporation's profits.[26] Furthermore, the Murdoch family allegedly "plays a central and public role in the management and oversight of Fox News."[27] The CEO of Fox Corporation is Lachlan Murdoch, and the Chairman is Rupert Murdoch.[28] Lachlan Murdoch "consults daily" with the CEO of Fox News, and also participates

---

[22] *Id.* at ¶ 224; *see also Dominion I*, 2021 WL 5984265, at *1–16.

[23] Compl. at ¶ 224.

[24] *Id.* at 79.

[25] *Id.* at ¶ 143 (quoting Rachel Abrams & Michael M. Grynbaum, *Fox News Fires a Key Player in Its Election Night Coverage*, N.Y. Times (Jan. 19, 2021), https://www.nytimes.com/2021/01/19/business/media/fox-news-chris-stirewalt-trump.html).

[26] *Id.* (citing *Fox Reports Second Quarter Fiscal 2021 Net Income of $230 Million, Earnings Per Share of $.37, Revenues of $4.09 billion, an increase of 8%* at 2, Fox Corp. (Feb. 9, 2021), https://investor.foxcorporation.com/static-files/129c48a1-e762-4cc4-9fc3- c06f2b40c511).

[27] *Id.* at ¶ 144.

[28] *Id.* (citing *Corporate Information*, Fox News (last visited Mar. 19, 2021), http://press.foxnews.com/).

4

in a "daily morning call" at Fox News.[29]  Before Dominion filed this action, the Fox News website identified Lachlan and Rupert Murdoch as part of the "Fox News Executive Staff."[30] Fox News has since updated its website to identify them instead as part of the "Fox News Executive Leadership."[31]

The Complaint alleges that Rupert Murdoch "controls everything" within Fox News[32] and, together with Lachlan Murdoch, has been "heavily involved in shaping decisions regarding Fox News's shows and on-air talent."[33]  Moreover, the Complaint claims the Murdochs "played a direct role in participating in, approving, and controlling the Fox News coverage of the 2020 election and its aftermath."[34]  On election night, Fox News allegedly sought and gained the direct approval of Rupert and Lachlan Murdoch before calling Arizona for Biden.[35]  Various news agencies reported that Rupert Murdoch spoke with former President Trump and other senior Republicans shortly after the election and urged them to drop their election fraud narrative and concede defeat.[36]

Dominion asserts that Rupert Murdoch decided to promote former President Trump's narrative after Trump's condemnation of Fox damaged its stock and viewership: "Fox Corporation executives—again, including but not limited to Rupert and Lachlan Murdoch—were 'not happy' and were 'pressuring' Fox New executives to 'lure the Fox audience back home.'"[37] Rupert and Lachlan Murdoch allegedly made a "business calculation" to spread former President

---

[29] *Id.* at ¶ 145 (citing Claire Atkinson, *EXCLUSIVE: Fox CEO Lachlan Murdoch Talks About His Dad, Tucker Carlson, Trump, and Why He Plans to Stick Around*, Business Insider (May 19, 2021), https://www.businessinsider.com/fox-ceo-lachlan-murdoch-profile-interview-2021-5?op=1.).
[30] *Id.* at ¶ 144 (citing *Corporate Information*, Fox News (last visited Mar. 19, 2021), http://press.foxnews.com/.).
[31] *Id.* at ¶ 146 (showing screenshot).
[32] *Id.* at ¶ 152 (quoting Brian Stelter, *Hoax*, p. 84 (2021 paperback)).
[33] *Id.* at ¶ 153.
[34] *Id.* at ¶ 160.
[35] *Id.* at ¶ 161 (citing Michael Wolff, *Landslide*, p. 53 (2021)).
[36] *Id.* at ¶ 163 (collecting sources).
[37] *Id.* at ¶ 166 (quoting Brian Stelter, *Hoax*, p. 369).

Trump's narrative through Fox News even though they did not personally believe it.[38] Thus, Fox Corporation's employees and officers allegedly had "direct responsibility" for airing the statements about Dominion.[39] Additionally, Dominion alleges that other news outlets under Rupert Murdoch's control—including the New York Post and Wall Street Journal—condemned former President Trump's claims even as Fox News endorsed them.[40]

### 2. Fox Broadcasting

The Complaint contains few factual allegations concerning Fox Broadcasting. According to Dominion, the allegedly defamatory broadcasts aired not only on Fox News and foxnews.com, but also on fox.com, which is operated by Fox Broadcasting.[41] Dominion states that Fox Broadcasting "took instruction" from Fox Corporation and Fox News to publish the statements.[42] Dominion adds that those within Fox Broadcasting knew the statements were false and or acted in reckless disregard of their falsity.[43]

### D. THE LITIGATION

Dominion filed the Complaint on March 26, 2021.[44] The Complaint's sole cause of action is a claim for defamation *per se* brought against both Fox Corporation and Fox Broadcasting. On December 29, 2021, the parties filed a stipulation in which they "agree[d] to argue that New York substantive law applies in the captioned action under Delaware choice of law principles" but "reserve[d] their rights and arguments as to whether New York's Anti-SLAPP law . . . applies, and if so, to what extent."[45] Defendants filed the Motion on December

---

[38] *Id.* at ¶ 172 (quoting Brian Stelter, *Hoax*, p. 103).

[39] *Id.* at ¶ 173.

[40] *Id.* at ¶ 165, 168–70 (collecting source).

[41] *Id.* at ¶ 176–77 (citing *Fox Networks Sites and Services Terms of Use Agreement*, Fox Corp., https://www.fox.com/article/fox-networks-sites-and-services-terms-of-useagreement-597bc239ef528f0026dc0316/).

[42] *Id.* at ¶ 177.

[43] *Id.*

[44] D.I. No. 1.

[45] D.I. 8.

30, 2021,[46] which Dominion opposed.[47]  The Court held a hearing on the Motion on March 15, 2022.  After the hearing, the Court took the Motion under advisement.

On December 16, 2021, the Court issued a memorandum opinion and order denying Fox News's motion to dismiss in *Dominion I*.  Among other things, the Court: (1) applied Delaware's procedural law at the pleading stage while deferring the question of whether New York's Anti-SLAPP law will apply at all to a later stage in the case;[48] (2) rejected Fox News's arguments for dismissal based on the "neutral reportage" defense, the "fair report" privilege, and the defense of opinion;[49] and (3) held that Dominion adequately pleaded actual malice by Fox News.[50]

### III.    STANDARD OF REVIEW

The parties disagree whether Delaware procedural law or New York's Anti-SLAPP law provides the legal standard that applies to the motion.  Furthermore, Defendants' argument for applying New York's Anti-SLAPP law is functionally identical to the argument raised by Fox News in *Dominion I*.  The Court will therefore adhere to its previous ruling in *Dominion I* and apply Delaware's procedural law at this stage, while deferring the applicability of New York's Anti-SLAPP law to a later stage in this case.[51]

Under Delaware law, a party may move to dismiss under this Civil Rule 12(b)(6) for failure to state a claim upon which relief can be granted.[52]  In considering a Rule 12(b)(6) motion, the Court (i) accepts as true all well-pleaded factual allegations in the complaint; (ii) credits vague allegations if they give the opposing party notice of the claim; (iii) draws all reasonable factual inferences in favor of the non-moving party; and (iv) denies dismissal if

---

[46] Defs.' Mot. to Dismiss (D.I. 14).
[47] Dominion's Opp. to Mot. to Dismiss (D.I. 22).
[48] *See Dominion I*, 2021 WL 5984265, at *17–20.
[49] *See id.* at *22–28.
[50] *See id.* at *28.
[51] *See id.* at *17–20 (explaining the Court's rationale for applying Delaware's pleading standard).
[52] Del. Super. Civ. R. 12(b)(6).

7

recovery on the claim is reasonably conceivable.[53] The Court, however, need not "accept conclusory allegations unsupported by specific facts or . . . draw unreasonable inferences in favor of the non-moving party."[54] Delaware's pleading standard is "minimal."[55] Dismissal is inappropriate unless "under no reasonable interpretation of the facts alleged could the complaint state a claim for which relief might be granted."[56]

In general, a claim's reasonable conceivability cannot be determined through "matters outside the pleadings."[57] But, "for carefully limited purposes,"[58] the Court may consider "matters outside the pleadings when the document is integral to . . . a claim and incorporated into the complaint."[59] "[A] claim may be dismissed if allegations in the complaint or in the exhibits incorporated into the complaint effectively negate the claim as a matter of law."[60]

## IV. PARTIES' CONTENTIONS

Defendants contends that the Court must dismiss Dominion's claims because the claims contain a host of procedural and substantive defects. First, Defendants argue Dominion's claims are time barred under New York's one-year statute of limitations for defamation because Dominion filed the praecipe "more than a year after the first (and essentially all) of the challenged statements, and past the one-year statute of limitations."[61] In response, Dominion

---

[53] *Cent. Mortg. Co. v. Morgan Stanley Mortg. Cap. Holdings LLC*, 27 A.3d 531, 535 (Del. 2011).
[54] *Price v. E.I. DuPont de Nemours & Co.*, 26 A.3d 162, 166 (Del. 2011), *overruled on other grounds by Ramsey v. Ga. S. Univ. Advanced Dev. Ctr.*, 189 A.3d 1255, 1277 (Del. 2018).
[55] *Cent. Mortg.*, 27 A.3d at 536 (citing *Savor, Inc. v. FMR Corp.*, 812 A.2d 894, 895 (Del. 2002)).
[56] *Unbound Partners Ltd. P'ship v. Invoy Holdings Inc.*, 251 A.3d 1016, 1023 (Del. Super. 2021) (internal quotation marks omitted); *see Cent. Mortg.*, 27 A.3d at 537 n.13 ("Our governing 'conceivability' standard is more akin to 'possibility . . . .'").
[57] *Windsor I, LLC v. CWCapital Asset Mgmt LLC*, 238 A.3d 863, 872-75 (Del. 2020); *In re Santa Fe Pac. Corp. S'holder Litig.*, 669 A.2d 59, 68 (Del. 1995).
[58] *In re Santa Fe Pac. Corp. S'holder Litig.*, 669 A.2d at 69.
[59] *Windsor I, LLC*, 238 A.3d at 873 (internal quotation marks omitted).
[60] *Malpiede v. Townson*, 780 A.2d 1075, 1083 (Del. 2001).
[61] Defs.' Mot. to Dismiss at 14.

8

claims this action is subject instead to Delaware's two-year statute of limitations, which it has satisfied.

Defendants next argue Dominion must satisfy the "heightened" standard under New York's Anti-SLAPP law. The Court has already addressed this argument in *Dominion I*. The Court disagrees with Defendants' argument for the reasons explained in the previous section and in *Dominion I*. At this stage, the Court need only consider whether the Complaint is sufficient under Delaware's ordinary pleading standard.

Defendants claim that the Complaint against Fox Corporation fails on the merits. Defendants interpret New York law as permitting only two exceptions to the "general rule that a parent company cannot be held liable for a subsidiary's action: '(1) under an alter-ego or veil-piercing analysis where the corporate parent has disregarded the subsidiary's corporate form, or (2) under traditional principles of agency.'"[62] Defendants contend that Dominion has failed to allege sufficient facts entitling it to either exception. Furthermore, Defendants argue that Fox Corporation cannot be "directly liable" for defamation because Dominion has not identified any individual at Fox Corporation as a "defamatory speaker, nor a producer, researcher, or editor of any of the challenged statements at issue."[63] Finally, Defendants assert that Dominion has not adequately proximate causation or actual malice as to Fox Corporation.

In response, Dominion argues that Fox Corporation is both directly and vicariously liable for the defamatory statements. Under the direct liability theory, Dominion contends that Fox Corporation, "through Rupert and Lachlan Murdoch, played a 'direct role in participating in, approving, and controlling' the defamatory statements at issue."[64] Dominion claims such factual

---

[62] *Id.* at 20 (quoting *Mouawad Nat. Co. v. Lazare Kaplan Int'l Inc.*, 476 F. Supp. 2d 414, 422 (S.D.N.Y. 2007)).
[63] *Id.* at 30.
[64] Dominion's Answering Br. at 32 (quoting Compl. at ¶ 160).

allegations are sufficient to state a claim for defamation under New York law. Dominion adds

that it adequately pleaded actual malice through its allegations that Rupert and Lachlan Murdoch

knew the statements about Dominion were false when they caused Fox News to broadcast them.

Under the vicarious liability theory, Dominion argues Fox Corporation is liable for Fox

News's statements because Fox News was acting as Fox Corporation's agent. According to

Dominion, Fox News acted as the agent of Fox Corporation because Fox Corporation directed

Fox News to publish the statements, Fox News accepted Fox Corporation's request, and Fox

Corporation controls Fox News.

Next, Defendants argue the claims against Fox Broadcasting fail because: (1) Fox

Broadcasting did not "make" or "publish" the statements, nor did it exercise any "editorial

discretion" when it reposted the statements to fox.com; (2) Dominion has not adequately pleaded

that Fox Broadcasting acted with actual malice; and (3) Fox Broadcasting is immune from

defamation liability under the Communications Decency Act, 47 U.S.C. § 230. Dominion

disagrees with these arguments.

Finally, Defendants contends that Fox Corporation and Fox Broadcasting cannot be held

liable for the statements of Fox News because those statements were not defamatory in the first

instance. Dominion urges the Court to reject this argument for the same reasons it denied Fox

News's motion to dismiss in *Dominion I*.

V. DISCUSSION

For the reasons explained below, the Court holds that: (1) Dominion has stated a

standalone claim for defamation *per se* against Fox Corporation based upon its theory of direct

liability; and (2) Dominion fails to state a claim for defamation per se against Fox Broadcasting

10

because Dominion has not adequately pleaded actual malice on the part of Fox Broadcasting. Accordingly, the Motion is **GRANTED IN PART** and **DENIED IN PART**.

### A. THE COURT WILL NOT RE-LITIGATE ITS HOLDINGS IN *DOMINION I*.

Defendants concluded their motion with the argument that the Fox News's statements were not defamatory in the first instance, leaving no conduct for which Fox Corporation or Fox Broadcasting could be liable. Specifically, Defendants argue that: (1) the statements were protected expressions of opinion; (2) Dominion has not adequately pleaded that Fox News acted with actual malice; (3) the statements fall under the "Fair Report" privilege; and (4) the statements fall under the "Neutral Reportage" privilege.

The Court considered and denied the same arguments when Fox News raised them in *Dominion I*.[65] Defendants have not shown any reason why the Court should re-consider its holdings now. Moreover, it would not be appropriate to litigate Fox News's underlying liability in an action where Fox News is not a party. Accordingly, Defendants are not entitled to dismissal based on its arguments relating to Fox News's underlying liability.

### B. DOMINION'S CLAIMS ARE NOT TIME-BARRED

Defendants argues Dominion's defamation claims are time-barred under New York's one-year statute of limitations. This argument fails because New York's statute of limitations does not apply to Dominion's claims. The correct statute of limitations is Delaware's two-year limit, which Dominion satisfies.

Defendants argue that New York's statute of limitation applies based on the stipulation the parties filed on December 29, 2021. There, the parties agreed to argue that "New York substantive law applies . . . under Delaware choice of law principles" and that New York is the

---

[65] *See Dominion I*, 2022 WL 100820, at *22–29 (holding that Dominion adequately pleaded actual malice and that Fox News's "defenses" did not support dismissal).

11

state with the "most significant relationship" to the claims and defenses raised by the parties.[66]

Defendants believe the effect of this stipulation is that the Court must apply New York's statute

of limitations. Delaware precedent shows that Defendants are incorrect:

> Even if another state's substantive law may govern the parties' rights in a given case, the "general rule is that the forum state's statute of limitations applies." This is consistent with the general principle that the procedural law of the forum state (here, Delaware) usually applies.[67]

Thus, the fact that the parties stipulated to New York substantive law does not mean that New

York's statute of limitations applies.[68]

Defendants then contend that even if the parties had not stipulated to New York law,

Dominion's defamation claims would nonetheless be subject to New York's statute of limitations

under Delaware's borrowing statute. Again, this argument fails. Delaware's borrowing statute

reads:

> Where a cause of action arises outside of this State, an action cannot be brought in a court of this State to enforce such cause of action after the expiration of whichever is shorter, the time limited by the law of this State, or the time limited by the law of the state or country where the cause of action arose, for bringing an action upon such cause of action. Where the cause of action originally accrued in favor of a person who at the time of such accrual was a resident of this State, the time limited by the law of this State shall apply.[69]

US Dominion, Inc. and Dominion Voting Systems, Inc. are Delaware residents. Accordingly,

the second sentence of the borrowing statute dictates that Delaware's statute of limitations

---

[66] D.I. 8 (emphasis added).

[67] *TrustCo Bank v. Mathews*, 2015 WL 295373, at *5 (Del. Ch. Jan. 22, 2015) (internal citations omitted); *see also Gavin v. Club Holdings, LLC*, 2016 WL 1298964, at *3 (D. Del. Mar. 31, 2016) ("The law of the forum governs procedural matters. Under Delaware's conflict of law rules, a statute of limitations is procedural, not substantive. Thus, Delaware law generally determines whether an action is barred by the statute of limitations.") (internal citations omitted).

[68] A foreign state's statute of limitations may be substantive, rather than procedural, when the statute of limitations is "inseparably interwoven" with the foreign state's substantive law. *See Pivotal Payments Direct Corp. v. Planet Payment, Inc.*, 2015 WL 111209345, at *3 (Del. Super Ct. Dec. 29, 2015). But Fox does not argue that exception applies here, and Fox would be wrong even if it did make that argument. *See* Dominion's Opp. to Mot. to Dismiss at 10–11 (Delaware courts have held that New York's nearly identical statute of limitations for other torts was not "inseparably interwoven" with any causes of action).

[69] 10 *Del. C.* § 8121.

12

applies to their claims in this action.[70] Defendants' argument to the contrary rests on a misrepresentation of the borrowing statute. Specifically, Defendants quote only the first sentence of the statute while omitting the second.[71]

Defendants raise another argument solely in their reply brief. There, Defendants cite the Supreme Court's decision in *Saudi Basic* for the proposition that the borrowing statute cannot be used to extend the applicable limitations period.[72] In *Saudi Basic*, the Supreme Court noted that applying the borrowing statute in such a "literal" way would "undercut the overriding purpose of borrowing statutes, which is 'to prevent shopping for the most favorable forum.'"[73] Here, Defendants argue Dominion is engaging in forum-shopping by attempting to gain the benefit of a longer limitations period than it would have had if this action were filed in New York.

Defendants misplace their reliance on *Saudi Basic*. The Court of Chancery recently detailed the various interpretations of *Saudi Basic* in *CHC Investments, LLC v. FirstSun Capital Bancorp*.[74] The Court of Chancery concluded that the majority approach "interprets *Saudi Basic* to hold that the plain language of the borrowing statute governs unless the party asserting the underlying claim was forced into a Delaware forum."[75] In other words, "the court first applies the plain language of the borrowing statute. If Delaware's limitations period applies, the court next determines whether the party asserting the underlying claim was forced to file in Delaware. If the party asserting the underlying claims was forced to file in Delaware, then the court applies

---

[70] *Brossman v. Fed. Deposit Ins. Corp.*, 510 A.2d 471, 473 (Del. 1986) (interpreting the Delaware borrowing statute: "Because the cause of action originally arose in favor of Farmers Bank, a resident of Delaware, the Delaware statute of limitations must apply . . . ."); *see also Clinton v. Enter. Rent-A-Car Co.*, 977 A.2d 892, 896 (Del. 2009) ("[E]ven if the cause of action arose in Maryland, section 8121 would dictate that Delaware's statutes of limitations applies" because the plaintiff "was a Delaware resident.").

[71] *See* Defs.' Mot. to Dismiss at 12 n.5.

[72] *Saudi Basic Indus. Corp. v. Mobil Yanbu Petrochemical Co.*, 866 A.2d 1 (Del. 2005).

[73] *Id.* at *17 (internal citation omitted).

[74] *CHC Invs., LLC v. FirstSun Cap. Bancorp*, 2020 WL 1480857, at *5–8 (Del. Ch. Mar. 23, 2020), *aff'd*, 241 A.3d 221 (Del. 2020).

[75] *Id.* at *7

13

the foreign limitations period."[76] Here, the plain language of the borrowing statute provides that the Delaware statute of limitations should be applied. It does not appear that Dominion was "forced" to file its claims in Delaware. Under the majority approach to *Saudi Basic*, therefore, Delaware's limitations period applies to Dominion's claims.

Dominion filed suit against Fox Corporation and Fox Broadcasting for defamation based on statements made between November 8, 2020 and January 26, 2021.[77] Dominion filed the Complaint on November 8, 2021. Dominion filed a praecipe requesting a summons on December 20, 2021 and served Fox Corporate and Fox Broadcasting by counsel on December 21, 2021 and by registered agent on December 29, 2021.[78] Accordingly, Dominion has satisfied Delaware's two-year limitations period.

## C. THE MOTION IS DENIED AS TO FOX CORPORATION.

Dominion alleges Fox Corporation is both directly and vicariously liable for the statements of Fox News. The Motion contends that neither theory provides a basis for Fox Corporation to be held liable for the statements. The Motions also argues that Dominion does not adequately plead that Fox Corporation was the proximate cause of Dominion's alleged injuries or that Fox Corporation acted with actual malice. As explained below, the Court holds: (i) Dominion adequately states a claim for defamation per se against Fox Corporation based on its theory of direct liability; (ii) Dominion adequately pleads proximate causation; and (iii) Dominion adequately pleads actual malice. Accordingly, the Court denies Defendants' motion to dismiss as to Fox Corporation.

---

[76] *Id.* at *8.
[77] Compl. at ¶¶ 224(a)–(t).
[78] *See* D.I. 2–3, 9, 15–16.

14

**1. Dominion adequately pleads that Fox Corporation is directly liable for the allegedly defamatory statements published by Fox News.**

Defendants claim that to hold Fox Corporation directly liable for defamation, Dominion must plead that one of its employees had "an affirmative role in the preparation or editing of" the challenged statements.[79] Defendants argue that Dominion pleads no facts to that effect; instead, Dominion makes "only conclusory allegations of supposed decision-making."[80] This argument fails. The Court finds that Dominion has adequately pleaded facts supporting its claim that Fox Corporation is directly liable for Fox News's statements under New York law.

In New York, "all who take part in the procurement, composition and publication of a libel are responsible in law and equally so."[81] "Thus, a defamation claim cannot survive without an allegation that defendants participated in the creation or the publication of the statements at issue."[82]

Here, the Complaint pleads facts permitting a reasonable inference that Fox Corporation participated in the creation and publication of Fox News's defamatory statements. Specifically, Dominion pleaded: (1) Fox Corporation relies on Fox News as its main profit vehicle;[83] (2) the executives of Fox Corporation—particularly Rupert and Lachlan Murdoch—have historically exercised a high level of control over the day-to-day operations of Fox News,[84] with Fox News publicly identifying Rupert and Lachlan Murdoch as part of its "Executive Staff" or "Executive Leadership;"[85] (3) Rupert and Lachlan were closely involved with decisions relating to Fox

---

[79] Fox's Mot. to Dismiss at 30 (quoting *Gaeta v. New York News Inc.*, 95 A.D.2d 315, 328 (N.Y. App. Div. 1983), *rev'd on other grounds*, 465 N.E.2d 802 (1984)).

[80] *Id.* at 30.

[81] *Treppel v. Biovail Corp.*, 2005 WL 2086339, at *3 (S.D.N.Y. Aug. 30, 2005) (citing *Brown v. Mack*, 185 Misc. 368, 373 (Sup. Ct. 1945)).

[82] *Id.* (collecting cases).

[83] Compl. at ¶ 143.

[84] *Id.* at ¶¶ 144–45, 152–53, 158–59.

[85] *Id.* at ¶¶ 144, 146.

15

News's coverage of the 2020 presidential election;[86] (4) the executives of Fox Corporation believed Fox News would benefit if it endorsed former President Trump's election fraud narrative and suffer if it did not;[87] (5) thus, the executives of Fox Corporations "pressur[ed]" Fox News to "lure the Fox audience back home"[88] and "encouraged" on-air personalities to perpetuate false claims about Dominion; and (6) Fox Corporation "rewarded" those at Fox News who complied with the alleged instructions and "punished" those who did not.[89] When these are accepted as true under Civil Rule 12(b)(6), the allegations permit a reasonable inference that Fox Corporation "t[ook] part in the procurement, composition and publication" of the allegedly defamatory statement, making it "responsible in law."[90] The Court finds that is sufficient for Dominion's claims to survive at the pleading stage. Factual discovery will reveal whether Dominion can succeed in proving its claims at a later stage.

Dominion asks the Court to deny the Motion because it has alleged that Fox Corporation is vicariously liable for Fox News' conduct. The Court will not accept that invitation. Because the claim against Fox Broadcasting survives dismissal under a theory of direct liability, the Court need not decide whether Dominion's theory of vicarious liability is viable under New York law. Moreover, the Court must express its misgivings on this issue. One problem is that New York law appears unsettled as to when a parent company can be held liable for the torts of a subsidiary

---

[86] *Id.* at ¶¶ 160–61, 166.

[87] *Id.* at ¶¶ 166, 168, 171–75.

[88] *Id.* at ¶166.

[89] *Id.* at ¶ 175.

[90] *See Treppel*, 2005 WL 2086339, at *3; *see also Conte v. Newsday, Inc.*, 703 F. Supp. 2d 126, 147 n.19 (plaintiff "adequately alleged a cause of action for libel, at least at the motion to dismiss stage," by alleging that the defendants "participated" in the drafting of defamatory statements); *Pisani v. Staten Island Univ. Hosp.*, 440 F. Supp. 2d 168, 179 (E.D.N.Y. 2006) (plaintiff adequately pleaded that the defendants participated in the creation or publication of defamatory statements by alleging the statement was "prepared and approved for publication . . . by the [d]efendants"); *Restis v. Am. Coal. Against Nuclear Iran, Inc.*, 53 F. Supp. 3d 705, 716–17 (S.D.N.Y. 2014) (denying dismissal of defamation action where the defendants allegedly ran the "day-to-day" operations at an organization that published the statements, directed a "name and shame" campaign against the plaintiffs, participated in drafting the defamatory statements, and coordinated the organization's staff in producing and distributing the statements).

company under an agency relationship, which is the same vehicle Dominion seeks to employ here.[91]

More generally, Dominion's agency theory rests primarily on its assertion that Fox Corporation exercises a high degree of control over the operations of Fox News.[92] In the Court's view, these pleadings come close to contravening the "fundamental [rule] that a parent is considered a legally separate entity from its subsidiary and cannot be held liable for the subsidiary's action based solely on its ownership of a controlling interest in the subsidiary."[93]

Finally, the Court fails to understand the utility of Dominion's agency theory within this litigation. As explained previously, the Complaint alleges that Fox Corporation played a direct role in the creation and publication of the statements at issue. Moreover, Dominion's answering brief acknowledges that its agency theory rests on the "same allegations" as its direct liability theory.[94] In this context, Dominion's attempt to hold Fox Corporation vicariously liable for the statements appears redundant.

### 2. Dominion adequately pleads that Fox Corporation proximately caused its alleged injuries.

Defendants argue that Dominion has not adequately pleaded that Fox Corporation was the proximate cause of its alleged injuries because Dominion makes no "factual allegations of wrongdoing attributable to [the] corporate parent."[95] Defendants thus argue the defamation fails

---

[91] *See Matthews v. Symbion Power LLC*, 69 Misc. 3d 269, 276 (N.Y. Sup. Ct. 2020) ("[T]he court notes that neither the Court of Appeals nor the First Department has ruled on this precise issue and, as shown by the cases cited above, there is a federal split of authority regarding when, in a parent/subsidiary relationship, there is also an agency relationship.").

[92] *See* Compl. at ¶ 178.

[93] *Autronic Plastics, Inc. v. Apogee Lighting, Inc.*, 2021 WL 5965715, at *4 (E.D.N.Y. Dec. 16, 2021) (quoting *N.Y. State Elec. & Gas Corp. v. FirstEnergy Corp.*, 766 F.3d 212, 224 (2d Cir. 2014)).

[94] *See* Dominion's Answering Br. at 24.

[95] *See id.* at 31–32 (citing *Julie Wang v. New York-New Jersey Section of the Ninety-Nines Inc.*, 2018 WL 3432744 (S.D.N.Y. June 4, 2018), *report and recommendation adopted in part*, 2018 WL 3432705 (S.D.N.Y. July 16, 2018)).

because "[t]he Complaint does not allege that Fox Corporation made any defamatory statements" or "that Fox Corporation directed [Fox News] to make any of the allegedly defamatory statements at all, or that Fox Corporation reviewed, edited, or approved the specific statements."[96]

The Court finds that Dominion has adequately pleaded facts supporting a reasonable inference that Fox Corporation proximately caused Dominion's alleged injury. The allegations supporting proximate causation overlap with those supporting direct liability. Specifically, Dominion alleges that: (1) Rupert Murdoch "controls everything" within Fox News;[97] (2) when viewership of Fox News declined after the election, Rupert Murdoch stepped in "to call the shots directly;"[98] (3) Rupert Murdoch "encouraged on-air personalities to perpetuate [] baseless claims" about Dominion after he and Lachlan Murdoch made a "'business calculation' to spread lies;"[99] and (4) Fox Corporation "rewarded" those at Fox News who complied and "punished" those who did not.[100] The Court is satisfied that, at this stage of the proceedings, Dominion has adequately pleaded proximate causation based on its "factual allegations of wrongdoing attributable to the corporate parent"—*i.e.*, Fox Corporation.[101]

### 3. Dominion adequately pleads actual malice.

Defendants argue that even if Fox Corporation could be held liable for the statements of Fox News, "Dominion fails to plead any facts that could support a finding of actual malice on behalf of Fox Corporation."[102] Again, the Court finds Dominion's factual allegations sufficient to survive dismissal.

---

[96] *Id.* at 32.
[97] Compl. at ¶ 152.
[98] *Id.* at ¶ 171.
[99] *Id.*
[100] *Id.* at ¶ 175.
[101] *See Julie Wang*, 2018 WL 3432744, at *5.
[102] Fox's Mot. to Dismiss at 32–33.

18

Actual malice requires proof that the individual responsible for the allegedly defamatory statements had knowledge that the statements were false or recklessly disregarded the truth.[103] To satisfy the reckless disregard standard, a plaintiff must show the defendant "entertained serious doubts as to the truth of [the] publication or . . . had a high degree of awareness of [its] falsity."[104] The failure to investigate a statement's truth, standing alone, is not evidence of actual malice, "even if a prudent person would have investigated before publishing the statement."[105] But a speaker cannot "purposefully avoid[ ]" the truth and then claim ignorance.[106] If the plaintiff offers "some direct evidence" that the statement "was probably false," the Court can infer that the defendant "inten[ded] to avoid the truth."[107]

Moreover, "[o]rganizations like [Fox Corporation] cannot have institutional knowledge of falsity. Actual malice must be 'brought home to the persons . . . having responsibility for the [allegedly defamatory] publication.'"[108] In other words, "[w]hen there are multiple actors involved in an organizational defendant's publication of a defamatory statement, the plaintiff must identify the individual responsible for publication of a statement, and it is that individual the plaintiff must prove acted with actual malice."[109] Still, proof of actual malice "calls a defendant's state of mind into question and does not readily lend itself to summary disposition."[110]

---

[103] *Agar v. Judy*, 151 A.3d 456, 477 (Del. Ch. 2017).
[104] *Sweeney v. Prisoners' Legal Servs. of New York, Inc.*, 84 N.Y.2d 786, 793 (1995) (alterations in original) (internal quotation marks omitted).
[105] *Id.*
[106] *Id.*
[107] *Id.*
[108] *Page v. Oath Inc.*, 2021 WL 528472, at *5 (Del. Super. Ct. Feb. 11, 2021) (quoting *New York Times Co. v. Sullivan*, 376 U.S. 254, 287 (1964)), *aff'd*, 2022 WL 164008 (Del. Jan. 19, 2022).
[109] *Dongguk Univ. v. Yale Univ.*, 734 F.3d 113, 123 (2d Cir. 2013).
[110] *Hutchinson v. Proxmire*, 443 U.S. 111, 120 n.9 (1979) (internal citations omitted).

Here, Dominion alleges Fox Corporation carried out its tortious conduct "through Rupert and Lachlan Murdoch and others."[111]  As a threshold matter, Dominion pleads no facts suggesting who these "others" may be, let alone facts suggesting they acted with actual malice. Nevertheless, the Court finds Dominion has adequately pleaded actual malice with respect to Rupert and Lachlan Murdoch of Fox Corporation.

The relevant allegations in the complaint are: (1) Rupert and Lachlan Murdoch caused Fox News to broadcast false claims about Dominion even though they did not personally believe former President Trump's election fraud narrative;[112] (2) on November 6, 2020, a newspaper reported that Rupert Murdoch spoke with former President Trump and informed him that he had lost the election;[113] (3) the day after the election, Rupert Murdoch allegedly called a Republican leader "urging him to ask other senior Republicans to refuse to endorse Mr. Trump's conspiracy theories and baseless claims of fraud;"[114] and (4) other newspapers under Rupert Murdoch's control—including the Wall Street Journal and New York Post—condemned President Trump's claims and urged him to concede defeat.[115]  These allegations support a reasonable inference that Rupert and Lachlan Murdoch either knew Dominion had not manipulated the election or at least recklessly disregarded the truth when they allegedly caused Fox News to propagate its claims about Dominion.  Thus, Dominion has successfully brought home actual malice to the individuals at Fox Corporation who it claims to be responsible for the broadcasts.

---

[111] Compl. at ¶ 244.
[112] *See id.* at ¶¶ 171–75.
[113] *Id.* at ¶ 163.
[114] *Id.*
[115] *Id.* at ¶¶ 165, 169–70

20

Proof of actual malice "calls a defendant's state of mind into question and does not readily lend itself to summary disposition."[116] At this stage, Dominion has pleaded facts sufficient to satisfy Delaware's minimal pleading standard with respect to Fox Corporation.

### D. THE MOTION IS GRANTED AS TO FOX BROADCASTING.

Dominion alleges Fox Broadcasting "operated as Fox Corporation's agent in the broadcast and publication of the specific defamatory statements alleged here" based on Fox Broadcasting's conduct in reposting the statements onto fox.com.[117] The Motion argues the claims against Fox Broadcasting fail because: (i) Fox Broadcasting is not liable for reposting Fox News's articles; (ii) Fox Broadcasting did not repost content with actual malice; and (iii) Fox Broadcasting is immune from defamation liability under 47 U.S.C. § 230. As explained below, the Court finds that Dominion does not adequately plead that Fox Broadcasting acted with actual malice. Accordingly, the Court need not reach Fox Broadcasting's other arguments.

Under New York law, "[a] speaker who repeats another's defamatory statements is not made immune from liability for defamation merely because another person previously made the same demeaning claim."[118] Instead, the "black-letter rule [is] that one who republishes a libel is subject to liability just as if he had published it originally, even though he attributes the libelous statement to the original publisher, and even though he expressly disavows the truth of the statement."[119] In cases "involving the reporting of a third party's allegations, recklessness may be found where there are *obvious reasons* to doubt the veracity of the informant or the accuracy

---

[116] *Hutchinson,* 443 U.S. at 120 n.9 (internal citations omitted).
[117] Compl. at ¶¶ 176–78.
[118] *Watson v. NY Doe 1*, 439 F. Supp. 3d 152, 161 (S.D.N.Y. 2020) (internal citation omitted); *see also Flamm v. Am. Ass'n of Univ. Women*, 201 F.3d 144, 152 (2d Cir. 2000) ("[T]he fact that a particular accusation originated with a different source does not automatically furnish a license for others to repeat or publish it without regard to its accuracy or defamatory character.") (internal citations omitted).
[119] *Cianci v. New Times Pub. Co.*, 639 F.2d 54, 60–61 (2d Cir. 1980).

of his reports."[120]  The relevant question is not whether the re-publisher acted negligently by failing to verify an article, whether it would have been "prudent" to verify an article, or whether there was an "obligation to ensure" that the article was correct.[121]  "Rather, the operative question is whether a defendant failed to investigate in the face of 'actual, subjective doubts as to the accuracy of the story.'"[122]  As before, "[o]rganizations like [Fox Broadcasting] cannot have institutional knowledge of falsity.  Actual malice must be 'brought home to the persons . . . having responsibility for the [allegedly defamatory] publication.'"[123]

The Court finds that Dominion fails to plead actual malice with respect to Fox Broadcasting even under Delaware's minimal pleading standard.  After asserting that Fox Broadcasting republished Fox News's statements on fox.com, Dominion claims:

> On information and belief, Fox Broadcasting took instruction from Fox Corporation and Fox News to publish the defamatory statements.  Moreover, on information and belief, those within Fox Broadcasting separately responsible for publishing the defamatory statements knew they were false or acted in reckless disregard of their falsity.[124]

Dominion offers no factual support for these allegations.  Dominion does not attempt to specify who at Fox Broadcasting is "responsible" for publishing the defamatory statements.  Dominion does not plead facts permitting an inference that such individuals "knew they were false or acted in reckless disregard of their falsity" or that they "failed to investigate in the face of 'actual, subjective doubts as to the accuracy of the story.'"[125]  Dominion instead rests on "conclusory allegations unsupported by specific facts," which the Court need not accept when considering a

---

[120] *Biro v. Conde Nast*, 963 F. Supp. 2d 255, 278 (S.D.N.Y. 2013), *aff'd*, 807 F.3d 541 (2d Cir. 2015), and *aff'd*, 622 F. App'x 67 (2d Cir. 2015) (emphasis in original) (internal citations omitted).
[121] *Id.* (internal citations omitted).
[122] *Id.* (internal citations omitted).
[123] *Page*, 2021 WL 528472, at *5.
[124] Compl. at ¶ 177.
[125] *See Biro*, 963 F. Supp. 2d at 278 (internal citations omitted).

22

motion to dismiss.[126]  Because Dominion does not adequately plead that Fox Broadcasting acted with actual malice, Dominion's claim for defamation per se fails as to Fox Broadcasting.[127]

Dominion's arguments to the contrary are unpersuasive.  Dominion argues that Fox Broadcasting "disregarded publicly available evidence casting doubt on the truth of the defamatory of the defamatory statements" and "likely was aware that its sister publications, the *New York Post* and *Wall Street Journal*, were reporting facts that cast doubt on the defamatory statements."[128]  These arguments are both speculative and unsupported in the Complaint.

The Complaint contains no well-pleaded factual allegations relating to Fox Broadcasting's subjective knowledge or decision-making.  Again, the Complaint does not even identify who at Fox Broadcasting was responsible for the publications.  This is also true as to Dominion's argument that Fox Broadcasting "knew" that Fox News "was scrambling to avoid losing viewers to Newsmax and OAN, making it more likely that [Fox News] would publish unreliable reports from untrustworthy sources, such as Giuliani, Powell, and Lindell."[129]  Although subjective doubt can be proven through evidence demonstrating that the defendant was "subjectively aware that it was highly probable that [its] story was . . . so inherently improbable that only a reckless person would have put [it] in circulation,'"[130] the Complaint contains no well-pleaded factual allegations that any specific person at Fox Broadcasting was subjectively aware of anything.  The Court finds that the Complaint, as to Fox Broadcasting, rests on conclusory assertions and speculation.

---

[126] *See Price*, 26 A.3d 166.

[127] *See Biro*, 963 F. Supp. 2d at 281 ("[I]n the absence of any factual allegations suggesting the contrary, there is no reason to believe that the Republisher Defendants had 'serious doubts as to the truth of [the] publication,' or 'a high degree of awareness of [its] probable falsity.'") (internal citations omitted).

[128] Dominion's Answering Br. at 51.

[129] *Id.* at 53–54.

[130] *US Dominion, Inc. v. Powell*, 554 F. Supp. 3d 42, 60 (D.D.C. 2021), *appeal dismissed sub nom. US Dominion, Inc. v. My Pillow, Inc.*, 2022 WL 774080 (D.C. Cir. Jan. 20, 2022) (internal citations omitted).

## VI.    CONCLUSION

For the foregoing reasons, the Motion is **GRANTED** as to Fox Broadcasting and

**DENIED** as to Fox Corporation.

**IT IS SO ORDERED**

June 21, 2022
Wilmington, Delaware

*/s/ Eric M. Davis*
Eric M. Davis, Judge

cc: File&ServeXpress

24